## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE: | * | CHAPTER 11 BANKRUPTCY |
| | * | |
| WILLOW BEND VENTURES, LLC | * | CASE NO. 17-11178 |
| | * | |
| *Debtor*, | * | SECTION "A" |
| ---------------------------------------------------- | * | ---------------------------------------------------- |
| | * | |
| RIVER PARISHES DIRT & GRAVEL LLC | * | |
| *Plaintiff*, | * | |
| | * | |
| versus | * | ADVERSARY PROCEEDING |
| | * | |
| WILLOW BEND VENTURES, LLC, | * | CASE NO. 18-_____ |
| HENSLEY R. LEE CONTRACTING, INC., | * | |
| HENSLEY R. LEE, WAYNE FLETCHER | * | |
| | * | |
| *Defendants*. | * | |
| | * | |

**************************************************************************

## ADVERSARY COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, River Parishes Dirt & Gravel, LLC ("River Parishes"), who files this Adversary Complaint against Defendants Debtor Willow Bend Ventures, LLC, Hensley R. Lee Contracting, Inc. ("HRL"), Hensley R. Lee ("Lee"), and Wayne Fletcher ("Fletcher"), and represents as follows:

1.

On May 9, 2017, Debtor Willow Bend Ventures, LLC ("Debtor Willow Bend") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Louisiana ("Bankruptcy Court"), Case No. 17-11178, as captioned herein above ("Chapter 11 Protection").

2.

On May 22, 2017, Debtor Willow Bend through Lee, HRL through Lee and Lee, individually, executed a contract to sell the membership interests of Debtor Willow Bend to

River Parishes.

3.

This adversary proceeding is an action against Defendants Debtor Willow Bend, HRL, Lee, Fletcher and Wallace. By reason of Defendants' actions, Plaintiff River Parishes has suffered damages in an amount to be determined at trial.

**I. JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction over this proceeding pursuant to *28 U.S.C. §157(a),(b) and (c)*, and *28 U.S.C. §1334(b)*, and in connection with and related to a case under *Title 11 of the Bankruptcy Code*.

5.

This is a core proceeding under *28 U.S.C. §157(b)(2)(B) and (b)(2)(O)*.

6.

Venue is proper before this Court pursuant to *28 U.S.C. §157(b)(1), (b)(2)(B), (b)(2)(O) and (c)(1)*, *28 U.S.C. §1408*, *28 U.S.C. §1409*.

**II. PARTIES**

7.

Plaintiff is River Parishes Dirt & Gravel, LLC, a limited liability company formed under the laws of Delaware with its principal place of business located in Cook County, Illinois.

8.

Made Defendant herein is Debtor Willow Bend, a limited liability company organized under the laws of Louisiana, which is currently not in good standing, officially domiciled in St. John the Baptist Parish, Louisiana.

2

9.

Made Defendant herein is Hensley R. Lee Contracting, Inc., a corporation incorporated under the laws of Mississippi, officially domiciled in Pearl River County, Mississippi.

10.

Made Defendant herein is Hensley R. Lee, an individual of the age of majority, who resides in Pearl River County, Mississippi.

11.

Made Defendant herein is Wayne Fletcher, an individual of the age of majority, who resides in Washington Parish, Louisiana.

III. **BACKGROUND**

12.

During the pendency of the Chapter 11 Protection, Debtor Willow Bend, HRL and Lee attempted to fraudulently sell the membership interests of Debtor Willow Bend, an asset of the Chapter 11 Protection, to Plaintiff River Parishes while concealing the substantial sales tax liabilities of Debtor Willow Bend, the lien of Bank Plus on the membership interests of Debtor Willow Bend and the pendency of the Chapter 11 Protection.

13.

Kensington Capital Advisors, LLC, as manager of Plaintiff River Parishes engaged Newman, Mathis, Brady & Spedale ("Newman, Mathis") in April 2017 related to the acquisition of Debtor Willow Bend's membership interests.

14.

On or about May 22, 2017, Debtor Willow Bend, HRL and Lee signed the contract to sell the membership interests of Debtor Willow Bend to Plaintiff River Parishes ("May 22nd Agreement"). (Case 17-11178, Doc. 210-2).

15.

Former president of BankPlus Steve Lawler ("Lawler") represented Debtor Willow Bend, HRL and Lee in the negotiations, execution and subsequent due diligence production of the May 22nd Agreement. Other BankPlus employees assisted Debtor Willow Bend in the execution of the May 22nd Agreement and subsequent due diligence production.

16.

On information and belief, Lawler and BankPlus were involved in the negotiations, execution and subsequent due diligence production related to the May 22nd Agreement in order to obtain monies from Plaintiff River Parishes to retire BankPlus' lines of credit that were secured by the membership interests of Debtor Willow Bend.

17.

Following the execution of the May 22nd Agreement, Plaintiff River Parishes began its due diligence examination and identified equity partners for the acquisition of Debtor Willow Bend.

18.

On or about June 26, 2017, Plaintiff River Parishes learned that Debtor Willow Bend had filed on May 9, 2017 (i.e., thirteen days prior to signing the May 22nd Agreement) for Chapter 11 Protection.

19.

Plaintiff River Parishes immediately raised the Chapter 11 Protection filing with Lawler.

20.

Lawler admitted to Plaintiff River Parishes that Debtor Willow Bend had filed for Chapter 11 Protection and was not authorized by the Bankruptcy Court to proceed under the May 22nd Agreement.

4

21.

On June 29, 2017, Lawler introduced Plaintiff River Parishes to attorney Philip K. Wallace who represented Debtor Willow Bend in the Chapter 11 Protection.

22.

Wallace stated that Debtor Willow Bend had filed for Chapter 11 Protection and was not authorized by the Bankruptcy Court to enter into the May 22nd Agreement.

23.

Wallace also disclosed the sales tax liabilities of Debtor Willow Bend to the State of Louisiana and the Parish of St. John the Baptist which were concealed in the May 22nd Agreement as well as the liens in favor of BankPlus that were also concealed in the May 22nd Agreement.

24.

Wallace stated that the sales tax liabilities were subject to a Louisiana tax court judgment and were the reason that Debtor Willow Bend "had to file" for Chapter 11 Protection.

25.

Wallace told Plaintiff River Parishes that he was unaware of the execution of the May 22nd Agreement by Debtor Willow Bend, HRL and Lee -- a fact that Lawler challenged.

26.

Defendants HRL and Lee made two payments ("extension payments") to Plaintiff River Parishes to reimburse Plaintiff River Parishes for the continuing expenses associated with the breaches of the May 22nd Agreement.

27.

In conjunction with the extension payments, Plaintiff River Parishes sent an agreement to Lawler and Wallace that contained representations and warranties from HRL

and Lee to Plaintiff River Parishes that the extension payment would not violate any provision of the Chapter 11 Protection.  (Case No. 17-11178, Doc. 210-7, p. 2, para. 2 and Doc 210-8, p. 2, para. 2).

28.

Both Lawler and Wallace received the agreement regarding the extension payment from Plaintiff River Parishes and reviewed on behalf of Debtor Willow Bend, HRL and Lee.

29.

The agreement regarding the extension payment specifically provided the following representation and warranty from Defendants Debtor Willow Bend, HRL and Lee:

> The Reimbursement Payment is recognized by Sellers [HRL and Lee] and [Debtor Willow Bend Ventures] LLC as earned upon receipt and reflects a non-refundable reimbursement of a portion of expenses and opportunity costs related to the continued delays in closing the transaction. **Sellers [HRL and Lee] and [Willow Bend Ventures] LLC represent and warrant that the Reimbursement Payment does not violate any provision in its current Bankruptcy Proceedings**. (emphasis added.)  (Case No. 17-11178, Doc. 210-7).

30.

On November 26, 2017, prior to the extension payment, Lawler stated to Plaintiff River Parishes in an email, "I don't think [Lee] can cut a check from [Debtor Willow Bend], need to clear with [Debtor Willow Bend's counsel Wallace]."

31.

Nevertheless, the defendants wired without the knowledge of Plaintiff River Parishes the extension payment of $15,000 from the bank account of Debtor Willow Bend. This was done without authorization of the Bankruptcy Court fraudulently and in breach of the agreement related to the extension payment.

32.

Plaintiff River Parishes was unaware of the fraud and intentional misrepresentations regarding the extension payment until Debtor Willow Bend filed its motion to reject and

avoid sale of Debtor Willow Bend on or about April 11, 2018.  (Case No. 17-11178, Doc. 210-1).

33.

Debtor Willow Bend and its counsel fraudulently and intentionally misrepresented to the Bankruptcy Court that Wallace had no knowledge of the extension agreements or extension payments.  (Case No. 17-11178, Doc. 210-1 at pp. 6-7).

## IV.  CAUSES OF ACTION

### Count One:  Fraud and Intentional Misrepresentation

Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

34.

In the May 22nd Agreement, Debtor Willow Bend, HRL and Lee, jointly and separately, represented and warranted to Plaintiff River Parishes that each party was able to transfer Debtor Willow Bend free and clear of any liens or other impediments.

35.

The parties had actual knowledge of the BankPlus liens and the Chapter 11 Protection filing but made the false and intentional misrepresentations in order to induce River Parishes to enter into the contract to purchase the membership interests of Debtor Willow Bend.

36.

The acts by Defendants were made with knowledge and intent in violation of the U.S. Bankruptcy Code, and damaged Plaintiff River Parishes in an amount to be determined at trial, plus attorneys' fees and punitive and/or exemplary damages related to the Mississippi defendants.

37.

Lee provided certifications to Plaintiff River Bend that he was authorized to sign on

behalf of both HRL and Debtor Willow Bend.

38.

The pertinent fraudulent and intentional misrepresentations made by Debtor Willow Bend, HRL and Lee in the May 22nd Agreement include the following:

a) In paragraph 10(c), Debtor Willow Bend, HRL and Lee, jointly and separately, represented and warranted that Debtor Willow Bend "has all requisite power and authority to execute, deliver and perform the transactions contemplated by this agreement."

Fraudulent and Intentional Misrepresentation:  On May 9, 2017, Debtor Willow Bend filed for Chapter 11 Protection and was not authorized by the Bankruptcy Court to enter into the May 22nd Agreement.

b) In paragraph 10(d), Debtor Willow Bend, HRL and Lee, jointly and separately, represented and warranted that they owned WBV "free and clear of any security interest, lien or claim of any party . . ."

Fraudulent and Intentional Misrepresentation:  HRL and Lee did not own Debtor Willow Bend free and clear.  Instead, BankPlus held a security interest in Debtor Willow Bend.  Further, both the State of Louisiana and the Parish of St. John the Baptist had a substantial claim against Debtor Willow Bend related to its Louisiana tax court judgment on unpaid sales taxes.

c) In paragraph 10(e), Debtor Willow Bend, HRL and Lee, jointly and separately, represented and warranted that Debtor Willow Bend "owns the Property free and clear of any security interest, lien or claims of any party.  Sellers are delivering to Buyer a merchantable title, subject to title and zoning restrictions, servitudes of record and law or ordinances."

Fraudulent and Intentional Misrepresentation:  Debtor Willow Bend did not own the

8

property free and clear. Instead, BankPlus held a security interest in Debtor Willow Bend, and the assets were subject to a substantial Louisiana tax court judgment related to unpaid sales taxes by Debtor Willow Bend.

d) In paragraph 10(g), Debtor Willow Bend, HRL and Lee, jointly and separately, represented and warranted that "[t]he execution, delivery and performance of this [May 22nd] Agreement and the other Sellers Documents by Sellers do not and will not violate any agreement, or any law, governmental regulations, judgment, order, writ, injunction or decree applicable to Sellers."

Fraudulent and Intentional Misrepresentation: On May 9, 2017, Debtor Willow Bend filed for Chapter 11 Protection and was not authorized by the Bankruptcy Court to enter into the May 22nd Agreement. The execution of the May 22nd Agreement by Debtor Willow Bend, HRL and Lee violated federal bankruptcy law due to the May 9, 2017 Chapter 11 Protection filing. Further, the May 22nd Agreement fraudulently and intentionally misrepresented and concealed the sales tax liabilities of Debtor Willow Bend to the State of Louisiana and the Parish of St. John the Baptist. Upon information and belief, Fletcher as Chief Financial Officer and accountant aided and abetted Debtor Willow Bend, HRL and Lee in his preparation of the financial statement attached to the May 22nd Agreement that failed to disclose the sales tax liabilities of Debtor Willow Bend.

e) In paragraph 10(h), Debtor Willow Bend, HRL and Lee, jointly and separately, represented and warranted that "there is no action, suit or proceeding pending or, to the best of Sellers' actual knowledge, threatened against or affecting Sellers of the LLC in any court, or by or before any federal, state, municipal or other governmental department, commission, board, bureau, agency or instrumentality, which would have an adverse effect on the transactions contemplated hereby."

Fraudulent and Intentional Misrepresentation: Debtor Willow Bend, HRL and Lee fraudulently and intentionally misrepresented and concealed the sales tax liabilities subject to the Louisiana tax court judgment and the Chapter 11 Protection. Upon information and belief, Fletcher as Chief Financial Officer and accountant aided and abetted Debtor Willow Bend, HRL and Lee with the preparation of the fraudulent financial statement attached to the May 22nd Agreement that concealed the substantial sales tax liabilities of Debtor Willow Bend.

f) In paragraph 10(i), Debtor Willow Bend, HRL and Lee, jointly and separately, represented and warranted that Debtor Willow "has no liabilities, contingent or otherwise, as of the date hereof other than as set forth on the Balance Sheet as of April 30, 2017 attached herein as Exhibit G, and has not entered into any other agreement or contract."

Fraudulent and Intentional Misrepresentation: Upon information and belief, Fletcher as Chief Financial Officer and accountant aided and abetted Debtor Willow Bend, HRL and Lee with the preparation of the fraudulent Balance Sheet as of April 30, 2017. Exhibit G concealed the substantial sales tax liabilities (i.e., 25% of purchase amount) of Debtor Willow Bend to the State of Louisiana and the Parish of St. John the Baptist.

g) In paragraph 10(k), Debtor Willow Bend, HRL and Lee, jointly and separately, represented and warranted, to their actual knowledge as of May 22, 2017, that WBV "has no liabilities, contingent or otherwise other than those set forth in the balance sheet annexed hereto as Exhibit G.

Fraudulent and Intentional Misrepresentation: Upon information and belief, Fletcher as Chief Financial Officer and accountant aided and abetted Debtor Willow, HRL and Lee with the preparation of the fraudulent Balance Sheet as of April 30, 2017. Exhibit

G concealed the substantial sales tax liabilities (i.e., 25% of purchase amount) of Debtor Willow Bend the State of Louisiana and the Parish of St. John the Baptist.

h) In paragraph 10(l), Debtor Willow Bend, HRL and Lee, jointly and separately, represented and warranted that they "delivered good and merchantable title to the Property that is not subject to defects or adverse encumbrances . . ."

Fraudulent and Intentional Misrepresentation: Debtor Willow Bend, HRL and Lee had actual knowledge that "good and merchantable title" was not deliverable to Plaintiff River Parishes due to the substantial sales tax liabilities (i.e., 25% of purchase amount) of Debtor Willow Bend to the State of Louisiana and the Parish of St. John the Baptist, the BankPlus liens and the filing of Chapter 11 Protection.

i) In paragraph 10(p), Debtor Willow Bend, HRL and Lee, jointly and separately, represented and warranted that "Balance Sheet at Closing has no material or adverse changes from the Balance Sheet, which Sellers warrant to be true and correct, as of April 30, 2017 attached as Exhibit G."

Fraudulent and Intentional Misrepresentation: On May 9, 2017, Debtor Willow Bend filed for Chapter 11 Protection representing a substantial "material or adverse change." Upon information and belief, Fletcher as Chief Financial Officer and accountant aided and abetted Debtor Willow Bend, HRL and Lee in the fraudulent Balance Sheet as of April 30, 2017, attached as Exhibit G, by failing to disclose the substantial sales tax liabilities (i.e., 25% of purchase amount) of Debtor Willow Bend to the State of Louisiana and the Parish of St. John the Baptist or the BankPlus liens on Debtor Willow Bend's membership interests.

See Case No. 17-11178, Doc. 210-2, pp. 6-8.

39.

Debtor Willow Bend, HRL and Lee, aided and abetted by Wallace and Fletcher,

represented and warranted in the agreement that the extension payment was earned upon receipt reflecting a non-refundable reimbursement and that the extension payment did not violate any provision of the Chapter 11 Protection.

40.

Defendants defrauded and made intentional misrepresentations to Plaintiff River Parishes in order to transfer the funds out of Debtor Willow Bend's bank account without authorization of the Bankruptcy Court related to the extension agreement.

41.

On May 18, 2018, River Parishes returned the extension payment of $15,000 to Debtor Willow Bend who conspired with the other Defendants to make the original fraudulent transfer to River Parishes pursuant to the extension agreement.

42.

As stated above, Defendants represented facts that were false, and these false representations were material to both the May 22nd Agreement and the extension agreement.

43.

Defendants had knowledge that the representations were false and intended the false representations to induce Plaintiff River Parishes entering into both the May 22nd Agreement and the extension agreement.

44.

Plaintiff River Parishes had no knowledge of the fraud and intentional misrepresentations related to the May 22nd Agreement until on or about June 26, 2017 during its due diligence examination when it uncovered the May 9, 2017 Chapter 11 Protection filing.

45.

Plaintiff River Parishes had no knowledge of the fraud and intentional

misrepresentations related to the related to the extension payment until on or about April 11, 2018 when Debtor Willow Bend revealed its prior fraudulent transfer to Plaintiff River Parishes and the court in its motion to reject and avoid sale of Debtor Willow Bend.

46.

But for the fraudulent actions and intentional misrepresentations of the Defendants, Plaintiff River Parishes would not have entered into the May 22nd Agreement or the extension agreement.

47.

As a direct and proximate result of the fraudulent conduct and intentional misrepresentations of Defendants, Plaintiff River Parishes suffered damages and is entitled to recover its losses in addition to attorneys' fees as well as punitive and/or exemplary damages related to Mississippi defendants allowable under the conflicts law of the United States and the State of Louisiana and the law of the State of Mississippi.

### Count Two:  Negligent Misrepresentation

Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

48.

As stated above, Defendants in the course of their business, or other matters in which they had pecuniary interest, supplied false information to Plaintiff River Parishes.

49.

Defendants had legal duties to supply correct information to Plaintiff River Parishes.

50.

Defendants breached their duty by omission as well as by affirmative misrepresentation to Plaintiff River Parishes.

51.

As a direct and proximate result of the negligent misrepresentation of Defendants, Plaintiff River Parishes suffered damages and is entitled to recover its losses as a result of its justifiable reliance upon the omission and affirmative misrepresentation.

### Count Three:  Civil Conspiracy

Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

52.

The defendants who conspired with Debtor Willow Bend to commit an intentional or willful act are answerable, in solido, with Debtor Willow Bend, for the damage caused by such act.

53.

The defendants had a meeting of the minds to sell Debtor Willow Bend's membership interests without disclosing the substantial sales tax liabilities, the BankPlus liens on Debtor Willow Bend's membership interests or the Chapter 11 Protection filing.

54.

Similarly, Defendants had a meeting of the minds to transfer money from the Debtor Willow Bend's bank account without court authorization while falsely and intentionally misrepresenting to Plaintiff River Parishes that the extension payment would not violate any provision of the Chapter 11 Protection in order to prevent or delay an action by Plaintiff River Parishes against Defendants related to the May 22nd Agreement.

55.

Defendants Debtor Willow Bend, HRL, Lee, and Fletcher committed an intentional tort by their participation, as set forth herein, in some act of acts in furtherance ("in whole or in part"), which makes them liable, *in solido*, for civil conspiracy, regardless of whether each

party equally participated in, let alone wholly committed each element of the underlying intentional torts.

56.

These unlawful or overt acts of Debtor Willow Bend, HRL and Lee aided and abetted by Fletcher and Wallace caused Plaintiff River Parishes to suffer damages as a proximate result.

**Count Four: Breach of Contract**

Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

57.

Plaintiff River Parishes entered into the May 22nd Agreement with Debtor Willow Bend, HRL and Lee to purchase the membership interests of Debtor Willow Bend.

58.

Debtor Willow Bend, HRL and Lee, aided and abetted by Fletcher and Wallace, undertook an obligation to perform in the May 22nd Agreement. That obligation included a series of representations and warranties to Plaintiff River Parishes as set forth above in paragraph 38.

59.

Debtor Willow Bend, HRL and Lee failed to perform the obligations under the May 22nd Agreement when they failed to disclose that Debtor Willow Bend had filed Chapter 11 Protection on May 9, 2018, failed to obtain court authorization of the May 22nd Agreement and violated the U.S. Bankruptcy law in the execution of the May 22nd Agreement.

60.

Debtor Willow Bend, HRL and Lee further failed to perform the obligations under the May 22nd Agreement when they failed to disclose the substantial sales tax liabilities to the

15

State of Louisiana and the Parish of St. John the Baptist, the Louisiana tax court judgment or the liens in favor of BankPlus on the membership interest of Debtor Willow Bend.

61.

Defendants Debtor Willow Bend, HRL and Lee aided and abetted by Fletcher and Wallace breached the May 22nd Agreement by failing to behave in an appropriate manner, subsequently abandoning the May 22nd Agreement, and by breaching their duties and obligations under the May 22nd Agreement.

62.

As a direct and proximate result of the breach of contract by the Defendants, Plaintiff River Parishes suffered damages and is entitled to recover its losses in an amount to be determined at trial.

## Count Five:  Detrimental Reliance

Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

63.

Debtor Willow Bend, HRL and Lee aided and abetted by Fletcher and Wallace represented in the May 22nd Agreement a series of representations and warranties to Plaintiff River Parishes as set forth above in paragraph 38.

64.

Plaintiff River Parishes suffered damages and is entitled to recover its losses as a result of its justifiable reliance upon the representation of Defendants.

65.

As a direct and proximate result of the detrimental reliance, Plaintiff River Parishes suffered damages and is entitled to recover its losses in an amount to be determined at trial related to the change in position to its detriment because of the reliance on Defendants'

representations.

## Count Six:  Bad Faith Breach of Contract

Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

66.

As set forth above, Defendants acted in bad faith and are liable for all the damages incurred by Plaintiff River Parishes, foreseeable or not, that are a direct consequence of their failure to perform.

67.

Defendants intentionally and maliciously failed to perform their obligations, including concealing the Chapter 11 Protection filing, the Louisiana tax court judgment resulting in substantial sales tax liabilities of Debtor Willow Bend to the State of Louisiana and the Parish of St. John the Baptist and the liens secured by the membership interests of Debtor Willow Bend in favor of BankPlus.

68.

As a direct and proximate result of the Defendant's bad faith, Plaintiff River Parishes suffered damages and is entitled to recover all the damage, foreseeable or not, that a direct consequence of the Defendants' intentional and malicious failure to perform their obligations.

WHEREFORE, Premises considered Plaintiff River Parishes Dirt & Gravel, LLC demands judgment against defendants Debtor Willow Bend Ventures, LLC, Hensley R. Lee Contracting Inc., Hensley R. Lee, and Wayne Fletcher, jointly, severely and *in solido*, for damages in an amount to be proven at trial in addition to punitive and/or exemplary damages from the Mississippi defendants Hensley R. Lee Contracting, Inc. and Hensley R. Lee. Plaintiff River Parishes Dirt & Gravel, LLC further demands an award of court costs, attorneys' fees and pre-judgment and post-judgment interest as provided under law.  Plaintiff

River Parishes Dirt & Gravel, LLC further requests that it be awarded any and all other relief which plaintiff is entitled under the premises based on the claims pled or any other theories available under the facts and law and after completion of all necessary discovery and investigations of wrongs perpetrated by defendants on plaintiff.

Respectfully submitted,

BOOTH AND BOOTH, APLC


Vincent J. Booth /s/
VINCENT J. BOOTH (#18565)
138 North Cortez Street
New Orleans, Louisiana 70119
Telephone:     (504) 482-5292
Facsimile:      (800) 469-2185
Email: vbooth@boothandbooth.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Vincent J. Booth
