## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**RIVER PARISHES DIRT &**
**GRAVEL, LLC**                                   **CIVIL ACTION**
                                                 **NO. 18-6910**

      **versus**

**WILLOW BEND VENTURES, LLC,**          **SECTION: G/4**
**HENSLEY R. LEE CONTRACTING, INC.,**   **ADVERSARY NO. 18-1093**
**HENSLEY R. LEE, WAYNE FLETCHER**

**IN RE: WILLOW BEND VENTURES, LLC**   **CHAPTER 11 BANKRUPTCY**
                                       **NO. 17-11178**

### WILLOW BEND VENTURES, LLC
### ANSWER TO COMPLAINT,
### AFFIRMATIVE DEFENSES, AND
### <u>COUNTER CLAIM</u>

**COMES NOW**, Willow Bend Ventures, LLC (sometimes hereinafter "WBV") by and through undersigned Counsel who files its Answer, Affirmative Defenses and Counter Claim to River Parishes Dirt & Gravel, LLC ("Plaintiff") Complaint as follows:

1.

In response to the allegations contained in Paragraph No. 1 of Plaintiff's Complaint, WBV admits that Debtor, Willow Bend Ventures, LLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Louisiana, Case No. 17-11178 on May 9, 2017.

2.

Defendant denies the allegations contained in Paragraph No. 2 of Plaintiff's Complaint.

3.

In response to the allegations contained in No. 3 of Plaintiff's Complaint, WBV denies all allegations; further stating that Plaintiff has not suffered any damages by any of WBV's actions.

## I.    JURISDICTION AND VENUE

4.

In response to the allegations in Paragraph No. 4 of Plaintiff's Complaint regarding Jurisdiction and Venue over this proceeding, WBV acknowledges that the Bankruptcy Court has limited jurisdiction pursuant to 28 U.S.C. §§157 (a) and (b) and 1334(b) under Title 11 of the Bankruptcy Code.

5.

In response to the allegations in Paragraph No. 5 of Plaintiff's Complaint, WBV admits this is a core proceeding under 28 U.S.C. §157 (b)(2)(B) and (b)(2)(O).

6.

In response to the allegations in Paragraph No. 6 of Plaintiff's Complaint, WBV denies that Venue is proper pursuant to 28 U.S.C. §157 (b)(1) and §157 (b)(2)(B), (b)(2)(O) and (c)(1), 28 U.S.C. §1408, and §1409.

## II.   PARTIES

7.

In response to the allegations in Paragraph No. 7 of Plaintiff's Complaint, WBV lacks sufficient information to admit or deny the allegations contained therein; therefore such are denied.

8.

In response to the allegations in Paragraph No. 8 of Plaintiff's Complaint, WBV admits that Willow Bend is a limited liability company organized under the laws of Louisiana and officially domiciled in St. John the Baptist Parish, Louisiana; but denies the remaining allegations.

9.

In response to the allegations in Paragraph No. 9 of Plaintiff's Complaint, WBV admits that Hensley R. Lee Contracting, Inc. is a Corporation incorporated under the laws of Mississippi, officially domiciled in Pearl River County, Mississippi.

10.

In response to the allegations in Paragraph No. 10 of Plaintiff's Complaint, WBV admits that Hensley R. Lee is an individual of age of majority and resides in Pearl River County, Mississippi.

11.

In response to the allegations in Paragraph No. 11 of Plaintiff's Complaint, WBV admits that Wayne Fletcher is an individual of age of majority and resides in Washington Parish, Louisiana.

### III.    <u>BACKGROUND</u>

12.

In response to the allegations in Paragraph No. 12 of Plaintiff's Complaint, WBV denies all stated allegations.

13.

In response to the allegations in Paragraph No. 13 of Plaintiff's Complaint WBV denies any knowledge of River Parishes engagement of Newman Mathis.

14.

WBV denies the allegations contained in Paragraph No. 14 of Plaintiff's Complaint.

15.

In response to the allegations in Paragraph No. 15 of Plaintiff's complaint, lacks sufficient information to determine the truthfulness of such allegations, so out of an abundance of caution, said allegations are denied.

16.

In response to the allegations in Paragraph No. 16 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

17.

In response to the allegations in Paragraph No. 17 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

18.

In response to the allegations in Paragraph No. 18 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

19.

In response to the allegations in Paragraph No. 19 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

20.

In response to the allegations in Paragraph No. 20 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

21.

In response to the allegations in Paragraph No. 21 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

22.

In response to the allegations in Paragraph No. 22 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

23.

In response to the allegations in Paragraph No. 23 of Plaintiff's Complaint, WBV denies all allegations.

24.

In response to the allegations in Paragraph No. 24 of Plaintiff's Complaint, WBV denies all allegations.

25.

In response to the allegations in Paragraph No. 25 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

26.

In response to the allegations in Paragraph No. 26 of Plaintiff's Complaint, WBV admits that two (2) payments were made to River Parishes;  but denies all remaining allegations.

27.

In response to the allegations in Paragraph No. 27 of Plaintiff's Complaint, WBV denies all stated allegations.

28.

In response to the allegations in Paragraph No. 28 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

29.

In response to the allegations in Paragraph No. 29 of Plaintiff's Complaint, WBV denies all allegations; further stating no extension agreement was ever executed by WBV.

30.

In response to the allegations in Paragraph No. 30 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

31.

In response to the allegations in Paragraph No. 31 of Plaintiff's Complaint, WBV denies all said allegations.

32.

In response to the allegations in Paragraph No. 32 of Plaintiff's Complaint, WBV denies all allegations.

33.

In response to the allegations in Paragraph No. 33 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

## IV. <u>CAUSES OF ACTION</u>

### <u>Count One: Fraud and Intentional Misrepresentation</u>

WBV incorporates by reference the foregoing answers in Paragraphs No. 1 to No. 32 as though fully set forth herein.

34.

In response to the allegations in Paragraph No. 34 of Plaintiff's Complaint, WBV denies all allegations.

35.

In response to the allegations in Paragraph No. 35 of Plaintiff's Complaint, WBV denies all allegations.

36.

In response to the allegations in Paragraph No. 36 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

37.

In response to the allegations in Paragraph No. 37 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

38.

In response to the allegations in Paragraph No. 38 of Plaintiff's Complaint, WBV states denies all allegations for lack of sufficient information to justify a belief therein, further stating the following:

38(a)  WBV denies all allegations referenced in Paragraph 10(a) for lack of sufficient information to justify a belief therein;

38(b)   WBV denies all allegations referenced in  Paragraph 10(b) for lack of sufficient information to justify a belief therein;

38(c)   WBV denies all referenced allegations in Paragraph 10(c) for lack of sufficient information to justify a belief therein;

38(d)   WBV denies all allegations in Paragraph 10(d) for lack of sufficient information to justify a belief therein;

38(e)   WBV denies all allegations referenced in Paragraph 10(e) for lack of sufficient information to justify a belief therein;

38(f)   WBV denies all allegations referenced in Paragraph 10(f) for lack of sufficient information to justify a belief therein;

38(g)   WBV denies all allegations referenced in Paragraph 10(g) for lack of sufficient information to justify a belief therein;

38(h)   WBV denies all allegations referenced in Paragraph 10(h)  for lack of sufficient information to justify a belief therein; and

38(i)   WBV denies all allegations referenced in Paragraph 10(i)  for lack of sufficient information to justify a belief therein.

39.

In response to the allegations in Paragraph No. 39 of Plaintiff's Complaint, WBV denies all allegations for lack of sufficient information to justify a belief therein.

40.

In response to the allegations in Paragraph No. 40 of Plaintiff's Complaint, WBV denies said allegations.

41.

In response to the allegations in Paragraph No. 41 of Plaintiff's Complaint, WBV admits that River Parishes wired $15,000.00 to the Trust Account of Counsel for WBV in accordance with Bankruptcy Court Order (Doc. 258), but WBV denies all further allegations.

42.

In response to the allegations in Paragraph No. 42 of Plaintiff's Complaint, WBV denies said allegations.

43.

In response to the allegations in Paragraph No. 43 of Plaintiff's Complaint, WBV denies said allegations.

44.

In response to the allegations in Paragraph No. 44 of Plaintiff's Complaint, WBV denies said allegations.

45.

In response to the allegations in Paragraph No. 45 of Plaintiff's Complaint, WBV denies said allegations.

46.

In response to the allegations in Paragraph No. 46 of Plaintiff's Complaint, WBV denies said allegations.

47.

In response to the allegations in Paragraph No. 47 of Plaintiff's Complaint, WBV denies said allegations.

**Count Two: Negligent Misrepresentation**

WBV incorporates by reference the foregoing answers to Paragraphs No. 1 to Paragraph No. 47 of this Complaint as though fully set forth herein.

48.

In response to the allegations in Paragraph No. 48 of Plaintiff's Complaint, WBV denies all allegations.

49.

In response to the allegations in Paragraph No. 49 of Plaintiff's Complaint, WBV denies all allegations.

50.

In response to the allegations in Paragraph No. 50 of Plaintiff's Complaint, WBV denies all allegations.

51.

In response to the allegations in Paragraph No. 51 of Plaintiff's Complaint, WBV denies all allegations.

## **Count Three: Civil Conspiracy**

WBV incorporates by reference the foregoing answers to Paragraphs No. 1 to Paragraph No. 51 of this Complaint as though fully set forth herein.

52.

In response to the allegations in Paragraph No. 52 of Plaintiff's Complaint, WBV denies all allegations.

53.

In response to the allegations in Paragraph No. 53 of Plaintiff's Complaint, WBV denies all allegations.

54.

In response to the allegations in Paragraph No. 54 of Plaintiff's Complaint, WBV denies all allegations.

55.

In response to the allegations in Paragraph No. 55 of Plaintiff's Complaint, WBV denies all allegations.

56.

In response to the allegations in Paragraph No. 56 of Plaintiff's Complaint, WBV denies all allegations.

## **Count Four: Breach of Contract**

WBV incorporates by reference the foregoing answers to Paragraphs No. 1 to Paragraph No. 56 of this Complaint as though fully set forth herein.

57.

In response to the allegations in Paragraph No. 57 of Plaintiff's Complaint, WBV asserts that it lacks information or belief to accurately answer the stated allegations in Paragraph No. 57, so out of an abundance of caution, said allegations are denied.

58.

In response to the allegations in Paragraph No. 58 of Plaintiff's Complaint, WBV denies all allegations.

59.

In response to the allegations in Paragraph No. 59 of Plaintiff's Complaint, WBV denies all allegations.

60.

In response to the allegations in Paragraph No. 60 of Plaintiff's Complaint, WBV denies all allegations.

61.

In response to the allegations in Paragraph No. 61 of Plaintiff's Complaint, WBV denies all allegations.

62.

In response to the allegations in Paragraph No. 62 of Plaintiff's Complaint, WBV  denies such allegations.

**Count Five: Detrimental Reliance**

WBV incorporates  by reference the foregoing answers to Paragraphs No. 1 to No. 62 of this Complaint as though fully set forth herein.

63.

In response to the allegations in Paragraph No. 63 of Plaintiff's Complaint, WBV denies all allegations.

64.

In response to the allegations in Paragraph No. 64 of Plaintiff's Complaint, WBV  further denies all such allegations.

65.

In response to the allegations in Paragraph No. 65 of Plaintiff's Complaint, WBV further  denies all such allegations.

## **Count 6:  Bad Faith Breach of Contract**

WBV incorporates  by reference the foregoing answers to paragraphs No. 1 to No. 65 of this Complaint as though fully set forth herein.

66.

In response to the allegations in Paragraph No. 66 of Plaintiff's Complaint, WBV further  denies all stated allegations.

67.

In response to the allegations in Paragraph No. 67 of Plaintiff's Complaint, WBV denies all stated allegations.

68.

In response to the allegations in Paragraph No. 68 of Plaintiff's Complaint, WBV denies all stated allegations.

## I.    DEFENDANT'S AFFIRMATIVE DEFENSES

**AND NOW COMES, DEFENDANT**, Willow Bend Ventures, LLC, pursuant to Bankruptcy rule 7013 and Rule 13 of Civil Procedure who asserts the following Affirmative Defenses against Plaintiff, River Parishes Dirt & Gravel, LLC alleging and representing the following:

69.

Defendant, Willow Bend Ventures, LLC re-avers and reiterates all responses and statements asserted in Paragraph No. 1-68 herein above and WBV denies each and every allegation in the Complaint of Plaintiff not specifically admitted herein.

## FIRST DEFENSE

70.

WBV, asserts that Plaintiff, has failed to state a claim upon which relief can be granted pursuant to *Bankruptcy Rule 7013 and Federal Rules of Civil Procedure 12(b)(6) and Federal Rules of Bankruptcy Procedure 7012(b)* in whole or in part, due to Plaintiff's deficient allegations.

## SECOND  DEFENSE

71.

The Plaintiff's Complaint fails to state a claim for breach of contract upon which relief may be granted because the Plaintiff fails to allege a breach of any contractual provision of an approved contract by the U.S. Bankruptcy Court for the Eastern District of Louisiana; further stating the May 22, 2017 (Case No. 17-11178, Doc. 210; Exhibit No. 1)

Agreement was voided as an Executory Contract Rejected in Debtor's First Amended Disclosure Statement and First Amended Plan filed into the record.  In addition, the Extension Agreement related to the May 22, 2017 Agreement  was never executed by the parties; and has no merit in this proceeding.

### THIRD DEFENSE

#### 72.

Plaintiff has not alleged or sustained any actual damages that were caused by WBV or for which WBV is liable, but  asserts alleged damages as a result of Plaintiff's  own actions and false allegations.

### FOURTH DEFENSE

#### 73.

Any damages that Plaintiff may have incurred are the result of acts or omissions of parties other than WBV, for which WBV is not legally responsible.

### FIFTH DEFENSE

#### 74.

Plaintiff's claims are barred in whole or in part, by the doctrines of setoff and/or recoupment as WBV is entitled to a set-off and/or credit against any and all damages that Plaintiff seeks to collect, as $66,000.00 was received by Plaintiff from Hensley R. Lee Contracting, Inc. which was not approved by the U.S. Bankruptcy Court.

## SIXTH DEFENSE

75.

Plaintiff's claims are barred in whole or in part, by the doctrines of fraud and/or unclean hands, as its actions were malicious in demanding $400,000.00 to Settle Fictitious Claims for an Agreement that was never approved by this Court and also due to Plaintiff's bad faith by engaging in said malicious behavior.

## SEVENTH DEFENSE

76.

WBV at all times material herein, exercised ordinary care and acted in good faith but the Plaintiff's refusal to move forward to closing on the October 5, 2017 Agreement for the Sale of Assets reveals a breach of contract, which can only be resolved by the rejection and cancellation of the Court approved Contract for the Sale of Assets of the Debtor.

## EIGHTH DEFENSE

77.

WBV asserts that Plaintiff has orchestrated circumstances that will lead to litigation filed by WBV to obtain monetary relief and damages for anticipatory Breach of Contract by refusing timely consummation of the Contract for Sale of Assets entered into post-petition, and approved by the Court.

## NINTH  DEFENSE

78.

WBV  asserts as a defense the doctrine of fraud with malicious intent,  as Plaintiff with reckless disregard of the Court Order  (Case No. 17-11178, Doc. 152) has failed to follow through  with its representation to purchase the WBV property and instead presented to Willow Bend an outrageous and malicious demand of $400,000.00 to Settle a Fictitious Claim. (See Exhibit No. 1 attached hereto) and (Exhibit No. 2, page 8, attached hereto)

## TENTH DEFENSE

79.

WBV asserts Plaintiff was  in violation of 11 U.S.C. Section *101(10)* of the *Bankruptcy Code* by soliciting a payment/advance from Debtor for $15,000.00 for an unapproved "extension agreement" from WBV's  Debtor in Possession Account which was ultimately ordered returned to WBV by the Court.

## ELEVENTH DEFENSE

80.

WBV did not commit any act with the intent of false pretenses, false representation or actual fraud in connection with the Agreement dated May 22, 2017 which was not approved by the U.S. Bankruptcy Court.

## TWELFTH DEFENSE

81.

WBV hereby gives notice that it intends to assert any and all other good faith defenses available to it pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## COUNTERCLAIMS
## RAISED BY
## WILLOW BEND VENTURES, LLC

**NOW COMES**, Willow Bend Ventures, LLC ("Counter Claimant" or 'Willow Bend") who re-avers and reiterates all responses and statements asserted in Paragraphs No. 1-81 herein above and denies each and every allegation in the Complaint of Plaintiff not specifically admitted herein. Willow Bend Ventures, LLC through its Counterclaim asserts the following against the Counter Defendant, River Parishes Dirt & Gravel, LLC ("Counter Defendant"):

## I. PARTIES

82.

A.   Counter Claimant, Willow Bend Ventures, LLC is a Limited Liability Company organized under the State of Louisiana, which is in good standing, officially domiciled in St. John the Baptist Parish, Louisiana.

B.   Made Counter Defendant, herein is River Parishes Dirt & Gravel, LLC, a Limited Liability Company organized under the laws of Delaware with its principal place of business located in Cook County, Illinois thru its Registered Agent, Harvard Business Services, Inc.

C.    Made Counter Defendant, Mr. John Wagner, representative of River Parishes Dirt & Gravel, LLC and Kensington Capital Advisors, LLC, a Foreign Limited Liability Company organized under the laws of Illinois with its principal place of business located at 1137 Central Avenue, Wilmette, Illinois 60091 and with its Registered Agent Name of Harvard Business Services, Inc.

D.    Made Counter Defendant, herein is John B. Ohle, III, representative of Kensington Capital Advisors, LLC a Foreign Limited Liability Company organized under the laws of Illinois with its principal place of business located at 1137 Central Avenue, Wilmette, Illinois 60091 with its Registered Agent Name of Harvard Business Services, Inc.

E.    Made Counter Defendant, Kensington Capital Advisors, LLC a Foreign Limited Liability Company organized under the laws of Illinois with its principal place of business located at 1137 Central Avenue, Wilmette, Illinois 60091 with its Registered Agent Name of Harvard Business Services, Inc.

## II.    JURISDICTION AND VENUE

83.

This Bankruptcy Court has limited subject matter jurisdiction as set forth in 28 U.S.C. §§157 (a) and (b) and 1334(b) under Title 11 of the Bankruptcy Code.  Willow Bend Ventures, LLC asserts the Bankruptcy Court has jurisdiction under §157(b)(2)(C) which specifically notes that core proceedings include counterclaims by the estate against anyone filing claims against the estate.

### III.  JURISDICTION FACTS

84.

Willow Bend previously presented to the Court a Motion to Approve an Agreement to Sell Assets of Willow Bend Free and Clear of Liens under 11 U.S.C. §363(f)  (Case No. 17-11178; Doc. 84) to Purchaser, River Parishes Dirt & Gravel, LLC on October 13, 2017; said Agreement being drafted and approved by the Counter Defendant, River Parishes.

85.

The Court granted the Motion for Sale of the Counter Claimant's Property Free and Clear of Liens to Counter Defendant, River Parishes, pursuant to 11 U.S.C. §363(f) on January 4, 2018 (Doc. 152).

86.

On February 6, 2018, the Court entered an Order which valued the assets of Counter Claimant subject to the Sale Order (Doc. 152) as follows:  Equipment $700,000.00; Land $6,500,000.00.  (Doc. 169)

87.

The Counter Claimant has at all times material herein, exercised ordinary care, acted in good faith, and in accordance with the October 5, 2017 Agreement ("Asset

Sale Agreement") and has provided all due diligence documents on numerous occasions to Mr. John Ohle, representative of Kensington Capital Advisors Attorney, Stephen Broussard, Counsel for River Parishes, Newman Mathis et al, and Mr. John Wagner, representative of River Parishes Dirt & Gravel, LLC in accordance with the Purchase Agreement executed by the parties and approved by this Court.

88.

Counter Claimant asserts the Asset Sale Agreement with Counter Defendant approved by this Court stipulates the following:

3.    **Deposit**.  Upon acceptance of this offer, Seller and Buyer shall be bound by all of its terms and conditions and Buyer becomes obligated to deposit in the escrow account at Newman, Mathis, Brady & Spedale ("Newman Mathis"), <u>not later than four (4) business days from the date whereby all parties have duly executed the Agreement</u> upon approval by the Bankruptcy Court as provided herein below (the "Effective Date"), a deposit in the amount of <u>Twenty Five Thousand Dollars ($25,000.00)</u>.  Annexed hereto as Exhibit E are wiring instructions for the client escrow account at Newman Mathis. Upon the completion of the Inspection Period as defined herein below, the Buyer shall make an additional deposit in the amount of One Hundred Twenty-five Thousand and 00/100 Dollars ($125,000.00) no later than

five (5) calendar days from the expiration of the Inspection Period

(sixty days).This additional deposit shall be non-refundable and applied

towards the Purchase Price as provided herein. Failure to do so shall not

void this Agreement but shall be considered a breach thereof and Seller

shall have the right, at their option, to re-offer the Property for sale to

others or to demand liquidated damages equal to the amount of the

deposit.

89.

The Inspection Period dictated by the Sales Agreement began February 8, 2018

but the $25,000.00 good faith deposit by Counter Defendant was not wired to the

Newman, Mathis Law Firm until May 5, 2018,  and then only after demand from

Counter Claimant Willow Bend.

90.

Counter Defendant River Parishes Dirt & Gravel, LLC is in default of the

Asset Sale Agreement with Willow Bend and has refused to move forward with the

timely completion of the Sale as agreed which has led to additional expenses and

attorney fees on the part of Willow Bend.

91.

A May 22, 2017 Agreement for the sale of the LLC Entity of Willow Bend to River Parishes ("Company Sales Agreement") was questioned by Counsel for WBV as in order for the Company Sales Agreement to be valid, that document was required to be delivered to Stephen Broussard, Esq. with Newman, Mathis, Brady & Spedale ("Newman Mathis") on or before 5:00 p.m. on May 24, 2017. Upon information and belief the Company Sales Agreement was not delivered to Mr. Broussard timely as required and is therefore invalid.

92.

On March 14, 2018, John R. Wagner ("Wagner") as principal for River Parishes, forwarded correspondence to Willow Bend owner, Hensley R. Lee ("Mr. Lee" and Counsel for Willow Bend, Phillip K. Wallace (See Exhibit No. 2; Final Notice: Breach of May 22, 2017 Purchase Agreement) wherein he demanded an improper payment of $400,000.00 on behalf of River Parishes. Wagner and River Parishes were aware at all times when this correspondence was forwarded to Counsel for Debtor and Mr. Lee that this May 22, 2017 Agreement was invalid and not approved by the U.S. Bankruptcy Court. This attempt to collect an unearned $400,000.00 payment was unwarranted and outside of any agreement between Willow Bend, its principals and River Parishes and its principals.

93.

On June 12, 2018, Counsel for River Parishes Dirt & Gravel, LLC forwarded correspondence to Counsel for Hensley Lee and HRL Contracting, Mathew Devereaux regarding a fictitious settlement of $600,000.00 in connection with this Adversary Proceeding, once again presenting false allegations in connection with the May 22, 2017 Agreement which was invalid never approved by this Court. (See Exhibit No. 3)

### IV.    COUNT ONE - FRAUD

94.

Willow Bend asserts River Parishes has committed Fraud on behalf of the May 22, 2017 Agreement. A claim for fraud must comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure which "requires that a claimant set forth the 'who, what, when, where and how' of the alleged fraud." (See Exhibits 1, 2 and 3) whereby Counter Claimant clearly identifies the false representations, the identity of the party making the false statements and the consequences thereof to River Parishes as enumerated in Paragraphs No. 88, No. 91 and 92 above.

95.

Exhibits No. 1, 2 and 3 identify Willow Bend's Counter Claim of Fraud in this matter. It is well established that fraud must be pled with particularity. Fed. R. Civ. P. 9(b). Fed. R. Bankr. P. 7009 makes this provision applicable in Bankruptcy Proceedings. To satisfy Fed. R. Bankr. P. 9(b), a Counter Claimant must at a

minimum allege the time, place and contents of the misrepresentation(s) upon which it relied. The specific pleading requirements of Rule 9(b) are applicable to claims based on fraudulent misrepresentations under 11 U.S.C.S. § 523(a)(2)(A).

## V.  COUNT TWO - BREACH OF CONTRACT

96.

Because River Parishes elected to participate in distributions from the Bankruptcy Estate through the filing of an adversary matter, they subjected themselves to the jurisdiction of the Bankruptcy Court at least as to the validity of their claim. There is no question that both core jurisdiction and constitutional authority exist in a Bankruptcy Court over issues surrounding the allowance of demands against Willow Bend's Estate. As a result, this Court has jurisdiction and constitutional authority over the claims against River Parishes.

97.

Willow Bend asserts River Parishes is in Breach of Contract, (Asset Sale Agreement) in the amount of Seven Million Two Hundred Thousand $7,200,000.00 Dollars which was approved by this Court. River Parishes caused delay in its refusal to move forward to close the Sale as ordered by the Court.

## COUNT THREE - CIVIL CONSPIRACY

98.

River Parishes engaged in a highly orchestrated scheme to extract unearned payments for thousands of Dollars from Willow Bend in connection with the May 22, 2017 Agreement which was never approved by this Court through several attorneys, law firms, and a representative of River Parishes.

99.

Through the scheme of River Parishes to extract unearned payments (not due) from Willow Bend the elements of a civil conspiracy have been proven in connection with the River Parishes scheme which are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. (See Exhibits 1, 2 and 3)  Willow Bend has proven a civil conspiracy by two or more persons joining to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

100.

Willow Bend has proven the general rule for conspiracy liability which is sufficiently established by proof showing concert of action or other facts and circumstances from which the natural inference arises that unlawful, overt acts were committed in furtherance of a common design, intention, or purpose of the alleged conspirators.  (See Exhibit No. 1, 2 and 3)

## VI.    COUNT THREE - UNJUST ENRICHMENT

19.

River Parishes was unjustly enriched with the amount of $66,000.00 it received in connection with the payment from Hensley R. Lee Contracting, Inc. for an extension which was not approved by this Court related to the October 5, 2017 Asset Sale Agreement for Willow Bend which should be refunded from River Parishes.

**WHEREFORE**, the Defendant, Willow Bend Ventures, LLC having fully answered Plaintiff, River Parishes Dirt & Gravel, LLC Complaint and with Affirmative Defenses and a Counter Claim, is entitled to Judgment for damages and respectfully requests the Court enter an Order dismissing the Complaint with prejudice and granting such other and further relief as the Court deems appropriate in the premises.

*/s/ Phillip K. Wallace*
**PHILLIP K. WALLACE (#13198)**
4040 Florida Street, Suite 203
Mandeville, Louisiana 70448-3305
Telephone: (985) 624-2824
Facsimile: (985) 624-2823
Email: Philkwall@aol.com
**Attorney for Defendant,**
**Willow Bend Ventures, LLC**

*__Please issues Summons:__*

River Parishes Dirt & Gravel, LLC
Registered Agent: Harvard Business Services, Inc.
16192 Coastal Highway
Lewes, DE 19958

John R. Wagner, Representative
Kensington Capital Advisors, LLC
1137 Central Avenue
Wilmette, Illinois 60091

Kensington Capital Advisors, LLC
Registered Agent: Harvard Business Services, Inc.
16192 Coastal Highway
Lewes, DE 19958

John B. Ohle, III
Kensington Capital Advisors, LLC
1137 Central Avenue
Wilmette, Illinois 60091

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Answer, Affirmative Defenses and Counter Claim to Plaintiff's Complaint has been served upon Counsel for Plaintiff  through its attorney of record via the Court's CM/ECF by electronic (email) transmission and Certified Mail Return Receipt as listed below this  10th, day of August, 2018.

Vincent J. Booth
Booth & Booth, APLC
Counsel for River Parishes Dirt & Gravel
138 No. Cortez Street
New Orleans, Louisiana 70119
vbooth@boothandbooth.com

*/s/ Phillip K. Wallace*
**PHILLIP K. WALLACE (#13198)**
4040 Florida Street, Suite 203
Mandeville, Louisiana 70448-3305
Telephone: (985) 624-2824
Facsimile: (985) 624-2823
Email: Philkwall@aol.com
**Attorney for Defendant,**
**Willow Bend Ventures, LLC**