UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: WILLOW BEND<br>VENTURES, LLC, *Debtor*<br><br>RIVER PARISHES DIRT &<br>GRAVEL, LLC, *Plaintiff*<br><br>VERSUS<br><br>WILLOW BEND VENTURES, LLC,<br>HENSLEY R. LEE CONTRACTING, INC.,<br>HENSLEY R. LEE, AND<br>WAYNE FLETCHER, *Defendants* | CIVIL ACTION<br><br>NO. 18-6910<br><br>SECTION M (4) |

**ORDER**

Before the Court is a motion by plaintiff River Parishes Dirt & Gravel, LLC ("River Parishes") to vacate[1] the Court's order substituting Nelline W. Lee as the proper party to act for the estate of her deceased husband, Hensley R. Lee ("Hensley"), in this case.[2] Defendants Willow Bend Ventures, LLC, Nelline W. Lee ("Nelline"), Hensley R. Lee Contracting, Inc., and Wayne Fletcher (collectively "Defendants") respond in opposition.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

The facts pertinent to this motion are quite simple. Hensley, a defendant in this action, died on November 2, 2019, and this Court granted Defendants' motion seeking to substitute his widow and the executrix named in his will, Nelline, as the proper party to act for him.[4] A few weeks later, River Parishes filed the instant motion seeking to have Nelline removed as a party defendant because Defendants had not produced Hensley's will and the probate of his estate has not yet been opened.[5] Defendants contend that the substitution was proper under Rule 25 of the Federal Rules of Civil Procedure, attaching to their opposition a copy of Hensley's will, which

---

[1] R. Doc. 86.
[2] R. Doc. 74.
[3] R. Doc. 88.
[4] R. Docs. 69 & 74.
[5] R. Doc. 86-1 at 3-7.

indeed names Nelline as the executrix.[6] Defendants further informed the Court that Nelline is in the process of hiring an attorney to probate Hensley's estate.[7]

Rule 25 states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). Any party or the deceased representative may make the motion to substitute. *Id.* As explained in *Irvin-Jones v. Equifax Info. Servs. LLC*:

> The rule is procedural, and federal courts must apply federal rules, not state law, to determine proper procedure for substitution following a party's death. *In re Baycol Products Litigation*, 616 F.3d 778, 785 (8th Cir. 2010). State law may govern the substantive question of who may qualify as a proper party. *Id.* But Rule 25 intends liberal substitution to be permitted and does not require the plaintiff to invoke state machinery to produce a representative of the estate. *McSurely v. McClellan*, 753 F.2d 88, 98 (D.C. Cir. 1985). The proper inquiry is whether the party to be substituted could qualify under state law to be the plaintiff's successor or representative, not whether the party has been appointed or recognized by the state. *See In re Baycol*, 616 F.3d at 787-88 (explaining that state substantive law defines who may be a party's successor, but state procedures do not control in federal court). For instance, a person named executor in a will may be a proper party under Rule 25(a) (1) even if the will has not been probated. *Id*. at 784.

2019 WL 4394684, at *1 (S.D. Tex. Sept. 13, 2019).

Thus, the pertinent question is not whether Nelline has been formally appointed by the probate court as executrix of Hensley's estate, as River Parishes maintains, but rather, whether she could be. *See id.* at *2 ("Federal courts have uniformly held that Rule 25(a)(1) permits substitution without requiring state machinery such as the probating of a will.") (citations omitted). Under Mississippi law the proper party to substitute would be either the executor or administrator of the deceased's estate, unless (unlike here) the estate has been distributed at the time the motion for substitution is made, in which case the proper parties would be the distributees of the estate. *Madison v. Vintage Petroleum, Inc.*, 872 F. Supp. 340, 342 (S.D. Miss.

---

[6] R. Docs. 88-1 at 6-7; 88-2 at 1.
[7] R. Doc. 88-1 at 8-9.

1994) (citing Miss. Code Ann. §§ 91-7-233-237 and *Ashley v. Ill. C. Gulf. R. Co.*, 98 F.R.D. 722, 723 (S.D. Miss 1983)). Hensley's estate has not been distributed, and his will appoints Nelline as the executrix. Therefore, Nelline *could* be appointed in that role and thus is properly substituted as a party in this action.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the motion to vacate (R. Doc. 86) is DENIED without prejudice to plaintiff's refiling it if someone other than Nelline W. Lee is made the executor or executrix of Hensley R. Lee's estate.

New Orleans, Louisiana, this 16th day of January, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE