UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: WILLOW BEND
VENTURES, LLC, *Debtor*

RIVER PARISHES DIRT &
GRAVEL, LLC, *Plaintiff*

VERSUS

WILLOW BEND VENTURES, LLC,
HENSLEY R. LEE CONTRACTING, INC.,
HENSLEY R. LEE, AND
WAYNE FLETCHER, *Defendants*

CIVIL ACTION

NO. 18-6910

SECTION M (4)

**ORDER**

On December 17, 2019, this Court issued a show-cause order requiring Willow Bend Ventures, LLC ("Willow Bend") to obtain, by January 17, 2020, responsive pleadings or preliminary defaults on all served counter defendants stemming from the claims asserted within Willow Bend's answer and counterclaim.[1] As a result, on January 15, 2020, Willow Bend filed a motion for entry of default against John Wagner and John B. Ohle, III.[2] River Parishes Dirt & Gravel, LLC ("River Parishes") opposed the motion for entry of default arguing that Wagner and Ohle were never served.[3] River Parishes filed contemporaneously a motion for oral argument or an in-person status conference to discuss so-called "misstatements" in some of Willow Bend's filings.[4] Willow Bend responded in opposition arguing that it did not make any misstatements and further supporting its motion for entry of default.[5]

Having considered the parties' memoranda, the record, and the applicable law, the Court finds that Willow Bend has not demonstrated that Wagner and Ohle were served properly pursuant to Rule 4 of the Federal Rules of Civil Procedure, or that either of them entered a

---

[1] R. Doc. 82.
[2] R. Doc. 90.
[3] R. Doc. 91.
[4] R. Doc. 92.
[5] R. Doc. 94.

general appearance that constitutes a waiver of service.⁶  Thus, the motion for entry of default must be denied, and pursuant to this Court's December 17, 2019 show-cause order, Willow Bend's claims against Wagner and Ohle are dismissed.  Further, in light of this ruling and this Court's previous denial of River Parishes's motion to vacate the substitution of Nelline Hensley as a party plaintiff,⁷ neither oral argument nor an in-person status conference is warranted at this time.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Willow Bend's motion for entry of default against Wagner and Ohle (R. Doc. 90) is DENIED.

IT IS FURTHER ORDERED that Willow Bend's claims against Wagner and Ohle are DISMISSED without prejudice.

IT IS FURTHER ORDERED that River Parishes's motion for expedited hearing, oral argument, or an in-person status conference (R. Doc. 92) is DENIED as moot.

New Orleans, Louisiana, this 21ˢᵗ day of January, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

⁶ In particular, the Court finds that Ohle's affidavit (R. Doc. 71-2) filed in support of River Parishes's opposition (R. Doc. 71) to Willow Bend's motion for summary judgment (R. Doc. 57) is not a general appearance amounting to a waiver of service.
⁷ R. Doc. 93.